# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LOWELL W. THOMPSON,

    Plaintiff,

    v.

Civil Action 2:17-cv-721
Judge George C. Smith
Magistrate Judge Chelsey A. Vascura

CHRISTOPHER J. BROWN, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, Lowell W. Thompson, a state inmate who is proceeding without the assistance of counsel, brings this action against a number of defendants who he maintains conspired to have him tried, convicted, and sentenced. On August 21, 2017, the Court issued a Report and Recommendation recommending that Plaintiff's Application to Proceed *In Forma Pauperis* be denied and that he be granted thirty days or to either pay the Court's filing fee of submit the proper documentation. (ECF No. 2.) The Court further advised Plaintiff that "if he opts to proceed with this litigation, which appears to fail to state viable claims, his action may be subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)." (*Id*. at 1-2.) On September 5, 2017, Plaintiff paid the filing fee. The Court therefore **WITHDRAWS** the August 21, 2017 Report and Recommendation (ECF No. 2) **AS MOOT**.

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>    \*      \*      \*
>
> (B) the action or appeal--
>
>    (i) is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1]Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010)

(quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

The entirety of Plaintiff's Complaint states as follows:

> Christopher J. Brown, Edmond P. Costello, Randy Nice, and Rachael Price conspired together without state substantive authority to do so and tried, convicted and sentenced Lowell W. Thompson to prison. Edmund P. Costello and Price without state statutory authority prosecuted Thompson for a criminal offense which he was never lawfully accused of, thereby denying him of any state sabotage remedy by law. Defendants Ronald C. Parsons and J.A. Peistrup acting as trial counsel attorneys for Thompson alleged to represent him in a criminal case where none existed by law. And Defendants Powell, Hendrickson, and Roughand ruled on Thompson's case in the court of appeals on procedure without lawful state authority, conspiring with others to deny Thompson the due process and equal protection of the law. These defendants knowingly denied Thompson substantive rights as a citizen by denying him his basic 4th Amendment rights and a trial by a court of law. As Defendant Brown refused to respond to the question of subject-matter jurisdiction raised in a motion to arrest judgment.

(Compl. 2, ECF No. 3.)

The foregoing allegations fail to survive the *Twombly* and *Iqbal* pleading standards. The undersigned is unable to discern what specific actions a state actor took that could plausibly form the basis of a claim entitling Plaintiff to relief. For example, Plaintiff alleges that several Defendants engaged in a conspiracy to violate his rights. "A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn,* 658 F.3d 598, 602 (6th Cir. 2011) (internal citation and quotations omitted). To state an actionable civil conspiracy claim, a plaintiff must allege the following elements: "(1) a single plan existed, (2) [the defendant] shared in the general conspiratorial objective to deprive [the

4

plaintiff] of his constitutional (or federal statutory) rights, and (3) an overt act was committed in furtherance of the conspiracy that caused injury to [the plaintiff]." *Id.* A plaintiff may not rely on mere speculation and conjecture to establish the existence of an agreement. *Moore v. City of Paducah,* 890 F.2d 831, 834 (6th Cir. 1989) (in the summary judgment context). Applied here, Plaintiff's conclusory allegations fail to plausibly state a conspiracy claim.

Moreover, because all of the claims Plaintiff seeks to assert appear to imply the invalidity of his state-court criminal conviction, they must be dismissed as "*Heck*-barred." In *Heck*, the United States Supreme Court held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Here, Plaintiff's claims appear to be premised upon his allegations that his criminal trial, conviction, and sentencing were unlawful or are invalid. Thus, under *Heck*, Plaintiff cannot proceed with any § 1983 claims because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

If instead Plaintiff seeks to directly challenge the fact or duration of his confinement, his sole remedy in federal court is habeas corpus. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." (internal quotation marks and citation omitted)). Thus, to pursue any

5

such direct challenge to the duration of his incarceration, Plaintiff must file a petition for a writ of habeas corpus that complies with Rule 2(d) of the Rules Governing Habeas Corpus Cases Under Section 2254. The undersigned also notes that Plaintiff has failed to allege that he has exhausted his state-court remedies, which is a prerequisite to obtaining habeas relief under § 2254. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State . . . .").

Finally, although Plaintiff fails to provide the official capacity titles for the defendants he sues, it appears that several are either judicial officers or prosecutors. Both judges and prosecutors enjoy absolute immunity from civil liability when acting within acting within the scope of their duties. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (judges immune); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutors immune). For this additional reason, Plaintiff's claims against those defendants who are judges or prosecutors must be dismissed.

## III.

For the reasons set forth above, it is **RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE